IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT WADE, AIS #181328 ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:19-CV-340-ECM-KFP |
| ) | (WO) |
| SHERIFF DONALD VALENZA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

Plaintiff, Robert Wade, an indigent inmate, filed this 42 U.S.C. § 1983 action challenging conditions of a previous term of confinement at the Houston County Jail. Doc. 1 at 1–3. Defendants filed a special report and supporting evidentiary materials denying that they acted in violation of Wade's constitutional rights and arguing that this case should be dismissed because Wade failed to properly exhaust the administrative remedy available to him before filing this action. Doc. 24 at 5–7. Defendants base their exhaustion defense on Wade's failure to file any grievance regarding the claims presented in this case. Docs. 24-3 at 2–3, 24-4 at 2, 24-5 at 2–3, and 24-6 at 2–3. Defendants further argue that, because Wade did not file a grievance within the time required by the grievance procedure, he "failed to exhaust his administrative remedies and can never exhaust them." Doc. 24 at 7.

---

[1] All cited documents and attendant page numbers are those assigned by the Clerk of Court in the docketing process.

The Court specifically ordered Wade to address Defendants' exhaustion argument and advised that his response should be supported by "affidavits, declarations/statements made under penalty of perjury or other appropriate evidentiary materials[.]" Doc. 25 at 1, 3. In addition, the Court cautioned Wade that, unless "<u>sufficient legal cause</u>" is shown within fifteen (15) days of entry of this order "<u>why such action should not be undertaken,</u> . . . the court may at any time [after expiration of the time for his filing a response] and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." Doc 25 at 4 (emphasis in original and footnote omitted). The deadline for Wade to respond to the Court's Order expired over one year ago, and Wade has filed no response.

Accordingly, the Court treats Defendants' special report as a Motion to Dismiss with respect to the exhaustion defense, and this case is now pending on that motion. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies).

2

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 1997e(a), the Prison Litigation Reform Act (PLRA), a prisoner must exhaust any administrative remedies available to him before filing a suit in federal court based on alleged violations of his constitutional rights or other federal laws. Specifically, § 1997e(a) directs that:

> [n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Concerning this exhaustion requirement, the Eleventh Circuit has stated:

> We have recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before *filing* a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original).

The law is well-settled that the question of exhaustion is "a threshold matter that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotations omitted) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)). The Court will therefore "resolve this issue first." *Myles*, 476 F. App'x at 366.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion." *Myles*, 476 F. App'x at 366 (internal quotations omitted) (citing *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008)). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535

(internal citations omitted). The Eleventh Circuit has specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury." *Id.*

Upon review of the Complaint and Defendants' special report with undisputed evidentiary materials, the Court concludes Defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id.* at 1855. Generally, a remedy is "available" when it has "sufficient power or force to achieve an end, [or is] capable of use for the accomplishment of a purpose[.]" *Booth*, 532 U.S. at 737 (internal quotation marks omitted).

Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's

5

deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90–91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83–84; *Bryant*, 530 F3d at 1378 (stating that prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the Houston County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. Doc. 18-2 at 8. Defendants' evidentiary materials, which Plaintiff does not contradict, demonstrate that Wade had access to this grievance procedure while confined in the Houston County Jail and that it allowed him to submit grievances about jail conditions to jail personnel. The grievance procedure provides as follows:

1. If an inmate has a grievance, they may complete a grievance using the pod kiosk. Grievances are by individual inmate only. If more than one inmate has the same grievance, each inmate must submit their own grievance. Inmates may only submit one grievance per day.

2. Complete the grievance providing as much detail as possible in the space provided for the inmate. Each grievance may only address one issue and the grievance cannot contain cuss words or any disparaging comments about any person. The grievance must be submitted within three days of the event that is the basis of the grievance. The inmate shall state in their grievance the details and the date of the event made the basis of the grievance. Grievances that do not conform to policy are returned without the grievance issue being addressed.

3. The Grievance Deputy has 15 days to investigate and answer the grievance.

4. If the inmate is not satisfied with the response to the grievance, the inmate may appeal the decision using a grievance appeal form. An appeal form may be obtained by asking sheriff's office personnel for an appeal form. The completed grievance appeal form shall be placed in the secure box. The appeal must be submitted within 3 days of the date the inmate is notified of the initial decision. The sheriff's office member hearing the appeal will have 30 days to answer the appeal.

5. If an inmate is dissatisfied with the response to an appeal, they may repeat the appeal procedure as detailed in item 4 until they reach their third, and final appeal. The Jail has a three appeal process and the response to the third appeal is the final decision.

6. If an inmate has an emergency, he or she may make an oral request to any member of the sheriff's staff. The sheriff staff member will immediately notify a supervisor who will investigate the emergency grievance. An emergency is anything that affects the immediate life, safety, or health of the inmate or the security and safety of the facility.

7. All grievances are tracked to ensure that (1) inmates['] grievances are answered; [and] (2) inmates have followed the rules regarding filing grievances and appeals.

Doc. 24-2 at 8. The undisputed evidentiary materials further establish that Wade never filed a grievance addressing the claims raised in this case and that the remedy is no longer available to him because the time limit (three days from the occurrence of the challenged conditions) has long since expired.

Wade does not dispute his failure to exhaust the administrative remedy while it was available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (recognizing that, without a dismissal with prejudice, "a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies").

## IV. CONCLUSION

Accordingly, the undersigned RECOMMENDS:

1.      Defendants' Motion to Dismiss be GRANTED due to Plaintiff's failure to properly exhaust the administrative remedy previously available to him at the Houston County Jail before filing this action.

2.      This case be DISMISSED with prejudice in accordance with 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy before seeking relief from this Court.

3.      Other than the assessed filing fee, no further costs be taxed.

It is ORDERED that the parties file any objections to the Recommendation by **October 5, 2020**. A party must specifically identify the factual findings and legal conclusions to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of September, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE